# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARCUS CAMPBELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No: 4:14-cv-00793-DGK |
| ACCOUNTS RECEIVABLE MANAGEMENT, INC., | ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Defendant, Accounts Receivable Management, Inc. ("Defendant"), through its undersigned counsel, and for its Answer to Plaintiff's First Amended Complaint for Damages states as follows:

### Introduction

1. Paragraph 1 contains statements and legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

### The Parties

2. Defendant admits that Plaintiff is a natural person. The remainder of paragraph 2 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

3. Defendant admits that it is a corporation organized and existing under the laws of the State of New Jersey and it has a business office located at 155 Mid Atlantic Parkway, Thorofare, New Jersey 08086. The remainder of paragraph 3 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

OM 310636.1

### Jurisdiction and Venue

4. Paragraph 4 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

### Factual Allegations

5. Defendant is without sufficient information to admit or deny the allegations in paragraph 5 and, therefore, denies the same.

6. Paragraph 6 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 6 and, therefore, denies the same.

### Causes of Action

7. No response is required to paragraph 7 of the Complaint. To the extent a response is necessary, Defendant incorporates its responses to the preceding paragraphs.

8. Paragraph 8 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

9. Paragraph 9 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

10. Paragraph 10 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

11. Paragraph 11 contains statements and legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the FCRA.

12. Paragraph 12 contains statements and legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the FCRA.

13. Paragraph 13 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 13 and, therefore, denies the same.

14. Paragraph 14 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 14 and, therefore, denies the same.

15. Paragraph 15 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 15 and, therefore, denies the same.

16. Paragraph 16 contains statements and legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the Missouri Merchandising Practices Act.

17. Paragraph 17 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 17 and, therefore, denies the same.

18. Paragraph 18 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 18 and, therefore, denies the same.

19. Paragraph 19 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 19 and, therefore, denies the same.

20. Paragraph 20 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 20 and, therefore, denies the same.

21. Paragraph 21 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 21 and, therefore, denies the same.

22. Paragraph 22 contains statements and legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the Missouri Merchandising Practices Act.

23. Paragraph 23 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 23 and, therefore, denies the same.

24. Paragraph 24 contains statements and legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the allegations to the extent they are inconsistent with or contrary to the Missouri Merchandising Practices Act.

25. The correspondence referenced in paragraph 25 speaks for itself and, therefore, no response is required. Defendant denies any mischaracterization of the correspondence. Defendant denies any factual allegations regarding its conduct in paragraph 25.

26. Paragraph 26 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same. The correspondence referenced in paragraph 26 speaks for itself and, therefore, no response is required. Defendant denies any mischaracterization of the correspondence. Defendant denies any factual allegations regarding its conduct in paragraph 26.

27. Paragraph 27 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without sufficient information to admit or deny any factual allegations in paragraph 27 and, therefore, denies the same. Defendant specifically denies that it violated the FCRA or Missouri Merchandising Practices Act.

28. Paragraph 28 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant specifically denies any factual allegations regarding its conduct in paragraph 28.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

1. Any allegations not specifically admitted herein are denied.

2. Plaintiff has failed to state a claim upon which relief can be granted against Defendant.

5
OM 310636.1

Case 4:14-cv-00793-DGK   Document 12   Filed 10/22/14   Page 5 of 7

3.      Plaintiff incurred a debt to GMAC and that debt was outstanding on October 25, 2012, the date when ARM allegedly requested Plaintiff's credit report. Any request by Defendant for Plaintiff's consumer report was in connection with the review or collection of the credit transaction between Plaintiff and GMAC. Thus, Defendant had a permissible purpose in requesting a credit report under 15 U.S.C. § 1681b. Plaintiff failed to allege any facts showing that Defendant did not intend to collect on Plaintiff's credit transaction.

4.      Plaintiff failed to allege facts showing that Defendant knew it lacked a permissible purpose or recklessly disregarded the need to have a permissible purpose. As explained in the preceding paragraph, Plaintiff cannot allege such facts because Defendant had a permissible purpose.

5.      Plaintiff failed to allege facts showing Defendant acted in connection with the sale or advertisement of any merchandise in trade or commerce, as required by the Missouri Merchandising Practices Act.

6.      Plaintiff is barred from asserting any cause of action against Defendant under the doctrines of waiver and/or release.

7.      Plaintiff's claims may be barred, in whole or in part, to the extent he failed to mitigate his damages, the existence of which damages Defendant specifically denies.

8.      To the extent it is determined that Defendant violated the FCRA, which Defendant specifically denies, any award of attorneys' fees would be improper because Plaintiff has not retained counsel and any award of statutory damages above $1,000 would be impermissible under 15 U.S.C. § 1681n.

9.      By way of further affirmative defense, Defendant asserts any other matter constituting an avoidance or affirmative defense.

6

OM 310636.1

Case 4:14-cv-00793-DGK   Document 12   Filed 10/22/14   Page 6 of 7

10. Defendant reserves the right to amend its answer to assert additional affirmative defenses as it ascertains grounds for doing so during discovery.

WHEREFORE, having fully answered the allegations set forth in Plaintiff's First Amended Complaint for Damages, Defendant respectfully prays that this Court enter judgment in its favor and against Plaintiff, award Defendant its costs and attorneys' fees incurred herein, and grant such other and further relief as the Court deems equitable and just.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By: s/ Kersten L. Holzhueter
Joshua C. Dickinson     MO # 51446
Kersten L. Holzhueter     MO # 62962
1000 Walnut St., Suite 1400
Kansas City, MO 64106
Telephone: 816-474-8100
Facsimile: 816-474-3216
jdickinson@spencerfane.com
kholzhueter@spencerfane.com

*Attorneys for Defendant*
*Accounts Receivable Management, Inc.*

## CERTIFICATE OF SERVICE

On October 22, 2014, the foregoing was filed electronically with the United States District Court for the Western District of Missouri, with notice of case activity generated and sent to all registered parties, and a copy was served via electronic mail, to:

Marcus Campbell
6107 Park Avenue
Kansas City, MO 64130
truthwireless39@gmail.com

*Plaintiff, Pro Se*

s/ Kersten L. Holzhueter
*Attorney for Defendant*
*Accounts Receivable Management, Inc.*

7

OM 310636.1

Case 4:14-cv-00793-DGK   Document 12   Filed 10/22/14   Page 7 of 7