Marcus-Campbell:, Plaintiff in Pro Se

6107 PARK AVE.

KANSAS CITY, MISSOURI REPUBLIC [64127]

www.truthwireless39@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Marcus-Campbell:, a man | CASE NO. 4:14-cv-00793-DGK |
| *Plaintiff* | AMENDED VERIFIED COMPLAINT FOR DAMAGES |
| vs. | **JURY TRIAL DEMANDED** |
| ACCOUNTS RECEIVABLE MANAGEMENT,INC | |
| *Defendant* | |

**PLAINTIFF RESPONSE TO DEFENDANT'S ANSWER AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT FOR DAMAGES**

**COMES NOW,** the Plaintiff Marcus-Campbell: complaining of the defendant and each of them as follows;

## INTRODUCTION

1. This action is an action brought by the Plaintiff who alleges violations of the **Fair Credit Reporting Act, 15 U.S.C §1681p** et, al, **Missouri Merchandising Practices RSMo 407.020, RSMo 570. 140** and **RSMo 570.223** against the defendant and each of the following:

## THE PARTIES

2. Plaintiff "Marcus-Campbell:" is now and at all times relevant to this action a natural person. Plaintiff is a "*consumer*" as that term is defined within **15 USC §1681 and Public Law 84 stat 1127 section 603c.**

3. Defendant **"ACCOUNTS RECEIVABLE MANAGEMENT,INC"** ("Debt Collector") admits that it is a corporation formed under the laws of the State of **New Jersey**. It has a principle place of business located at **155 Mid Atlantic Parkway, Thorofare, NJ 08086.** Defendant **ACCOUNTS RECEIVABLE MANAGEMENT,INC** appears to be a "*debt collectors*" as that term is defined by **15 USC §1681 seq** and do not appear to be a "*credit services organization*" as that term is defined in **RSMo 407.635** and appears to be a "persons" in Pursuant to **Public Law 84 stat 1127 section 603b**.

## JURISDICTION AND VENUE

4. The US District Court appears to have jurisdiction pursuant to **15 USC §1681** et, al, and **28 USC §1331,** and the court appears to have concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state. Therefore venue appears to be proper in this court. All conditions precedent to the bringing of this action has been performed. The violation's which gives rise to this action occurred in **JACKSON COUNTY** and **MISSOURI**, and Plaintiff resides in **JACKSON COUNTY** and **MISSOURI**.

## FACTUAL ALLEGATIONS

5. Plaintiff on or about May 27, 2014 obtained his three consumer credit reports from the three (3) major credit reporting bureaus Equifax,TransUnion and Experian. Plaintiff at this time noticed and found an inquiry by defendant **ACCOUNTS RECEIVABLE MANAGEMENT,INC** to obtain Plaintiff's consumer credit report on 10/25/2012 from TransUnion. I'm including (Exhibit A) an DECLARATION Of AFFIDAVIT showing proof of the defendant's pulling my credit without my permission.

6. The discovery of the violations stated herein occurred on May 27, 2014, and appears to be within the statute of limitations as defined in the **FCRA, 15 USC§1681p, RSMo 516. and Public Law 84 stat 1134 section 618.**

## CAUSES OF ACTION

## VIOLATION OF15 USC §1681i FAIR CREDIT REPORTING ACT and RSMo 507.020, RSMo 470.223 and RSMo 570. 140 of MISSOURI REVISED STATUES.

(DEFENDANT)

7. Paragraphs 1-6 are re-alleged as though fully set out herein.

8. Plaintiff is a "*consumer*" within the meaning of the **FCRA, 15 USC§1681a©,** which appears to state is an individual in Pursuant to **Public Law 84 stat 1127 section 603c.**

9. Defendants "**ACCOUNTS RECEIVABLE MANAGEMENT,INC**" appears to be "*credit furnishers*" within the meaning of **15 USC§1681a©,** and appears to be "*debt collectors*" as that term is defined by **15 USC §1681 seq** and do not appear to be a "*credit services organization*" as that term is defined in **RSMo 407.635** and appears to be "persons" in Pursuant to **Public Law 84 stat 1127 section 603b.**

10. Plaintiff's consumer credit report appears to be a consumer report within the meaning of the **FCRA, 15 USC§1681(a)(d)**.

11. The **FCRA, 15 USC§1681(b)** appears to define the permissible purpose for which a person may obtain a consumer credit report.

12. Such permissible purposes as it appears to be defined by **15 USC§1681(b)** <u>are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is proffered a bona fide offer of credit as a result of the inquiry</u>.

13. Plaintiff has never had any business dealings with the Defendant, nor has Plaintiff applied for any credit or services, or employment as it appears to be defined in **15 USC§1681(b)**, neither has Plaintiff executed any contracts resulting in an account in favor of the Defendant.

14. On 10/25/2012 defendant obtained Plaintiffs consumer credit report with no "*permissible purpose*" and appears to be a violation of **15 USC §1681(b) and RSMo 407. 020 "Unlawful practices, penalty-- exceptions."**

15. **RSMo 407.020** appears to apply to Defendants action of pulling Plaintiff's consumer credit report without Plaintiff's permission, by Defendant pretending to be someone or an entity who has a direct business relationship with Plaintiff. **RSMo 407.020** stats that "*the act use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practices or concealment, suppression, or omission of any material fact in connection with the sell or advertisement of any merchandise in trade and commerce.*"

16. **RSMo 407.010(1)** appear to defines "advertisement" *as the attempt by publication, dissemination solicitation, circulation, or any other means*

*to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any merchandise;*

17. It appears that the defendant violated **RSMo 407.020** by pulling my consumer credit report without permissible purposes and posing to be a creditor of mine by using **15 USC 1681b (a)(3)(a)** as reasons why they had a permissible purpose.

18. **15 USC 1681(a)(3)(a)** states: *any <u>consumer reporting agency</u> may furnish a consumer report under the following circumstances and no other*: (3) To a person it has reason to believe – (A) intends to use the information in connection with a **<u>credit</u>** transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;

19. See **15 U.S. Code § 1691a(d)** The term "<u>credit</u>" means the right granted by a <u>creditor to a debtor</u> to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor.

20. The defendant had no permissible purposes to pull my consumer credit report as the law states in **15 USC 1681 (a)(3)(a)** applies to transactions from creditor to debtor. This appears to be very misleading and misrepresenting of who the defendant truly is, and further violating **RSMo 407.020.**

21. It appears through Defendants misrepresentation and it gaining access and having the ability to pull my consumer credit report there is also appears to be a violation of **RSMo 570.223** Identity theft because my consumer credit report contains private information such as Social Security number, account numbers, etc. which Plaintiff never gave the Defendant permission to access.

22. **RSMo 570.223** states: (1) *a person commits the crime of identity theft if he or she <u>knowingly</u> and with the intent to deceive or defraud obtains, possesses, transfers, uses, or attempts to obtain, transfer or use, one or more*

*means of identification not lawfully issued for his or her use. (2) The term "means of identification" as used in this section includes, but is not limited to, the following: (1) Social Security numbers;(5) Credit card numbers;(7) Personal identification (PIN) code;(8) Electronic identification numbers;(9) Digital signatures;(10) Any other numbers or information that can be used to access a person's financial resources;*

23. With the facts showing that the Defendant was not given permissible purpose by Plaintiff to pull Plaintiffs consumer credit file, and now it appears the Defendant is misleading the court with deceptive practices to pose as a "creditor" of mine, appears to also be a violation of **RSMo 570. 140 Deceptive Business Practices.**

24. **RSMo 570. 140 Deceptive Business Practices** states: 1. A person commits the crime of deceptive business practice if in the course of engaging in a business, occupation or profession, he recklessly (5) Makes a false or misleading written statement for the purpose of obtaining property or credit.

25. Plaintiffs notified Defendant **ACCOUNTS RECEIVABLE MANAGEMENT,INC** of its dispute by mail.

26. Plaintiff notified defendant of their violations in an attempt to mitigate his damages and obtain settlement prior to bringing this action. Plaintiff didn't receive any lawful validation back from defendant after servicing notice upon them. (Exhibit B)

27. At no time did Plaintiff give the defendant permission to obtain his consumer credit report from any credit reporting agency. The actions of the Defendant in obtaining Plaintiff's consumer credit report with no permissible purpose or Plaintiffs consent was a willful violation of **15 USC§1681(b), RSMo 470. 020, RSMo 570.223, RSMo 570. 140** , and an egregious violation of Plaintiff's right to privacy. Defendant's violation may also appears to be a criminal violation pursuant to **15 USC§1681q, RSMo 470.020** and **RSMo 570.223**.

28. Defendant had a duty to properly ascertain if there was in fact any legitimate permissible purpose for obtaining Plaintiff's consumer credit report. Defendant however breached said duty by failing to do so. There was no account that Defendant had a right to collect, resulting in defendant obtaining Plaintiff's consumer credit report. Therefore Plaintiff may be entitled to damages by operation of law.

**WHEREFORE**, Plaintiff demands judgment for willful damages against the Defendant **ACCOUNTS RECEIVABLE MANAGEMENT,INC** for punitive damages and statutory damages of $10,000, plus costs and attorney's fees pursuant to **15 USC§1681n** and **RSMo 570. 223.5**.

Dated: November 14, 2014

BY: _[signature]_

CONSUMER, *Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on ___11/14/2014___ that the above document styled Notice in RESPONSE TO DEFENDANT MOTION TO DISMISS was served upon the Attorney for Defendant named below by US First Class Mail;

Kersten Holzhueter
Spencer, Fane, Britt & Browne LLP-KCMO
1000 Walnut Street
Suite 1400
Kansas City, MO 64106-2140

Joshua C Dickinson
Spencer, Fane, Britt & Browne LLP-Omaha
12925 West Dodge Road
Ste. 107
Omaha, NE 68154

Dated this 14 of November 2014

_____
Marcus Campbell