IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARCUS CAMPBELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No: 4:14-cv-00793-DGK |
| ACCOUNTS RECEIVABLE MANAGEMENT, INC., | ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S REPLY SUGGESTIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The undisputed facts prove that Defendant Accounts Receivable Management, Inc. ("Defendant") is entitled to judgment as a matter of law on Plaintiff Marcus Campbell's ("Plaintiff") four purported causes of action. Plaintiff has abandoned his three state statutory causes of action by failing to respond to Defendant's arguments proving that it is entitled to summary judgment. Thus, the only claim remaining is for an alleged violation of the Fair Credit Reporting Act ("FCRA") by pulling Plaintiff's credit report without a "permissible purpose". Defendant is entitled to summary judgment on this claim because (1) it became moot when Plaintiff rejected Defendant's Rule 68 Offer of Judgment and (2) the uncontroverted facts prove Defendant had a permissible purpose. Plaintiff completely ignored the first point and he failed to controvert a single fact cited by Defendant to prove the second point. For these reasons, the Court should grant Defendant's Motion for Summary Judgment (Doc. 21).

**I.     Plaintiff Has Abandoned His State Statutory Claims**

Defendant's suggestions in support proved that it is entitled to judgment as a matter of law on Plaintiff's three state statutory claims (Mo. Ann. Stat. §§ 407.020, 570.140, 570.223). Doc. 21 at 10-12. Plaintiff failed to dispute those arguments in his suggestions in opposition. In

fact, he did not even mention sections 407.020 and 570.140.  See Doc. 23.  Plaintiff mentioned section 570.223, but he failed to address (1) the fact that Defendant did not intend to deceive or defraud Plaintiff (Doc. 21, Statement of Material Uncontroverted Facts ("SMUF") ¶ 5), which is a prerequisite to a claim under the statute (Mo. Stat. Ann. § 570.223.1) and (2) the fact that Defendant sought to obtain Plaintiff's credit report in the course of a bona fide commercial transaction between Defendant and the original creditor (Doc. 21, SUMF ¶ 5), which is conduct exempted under the statute (Mo. Stat. Ann. § 570.223.9(2)).  Both of these points were raised in Defendant's suggestions in support.  Doc. 21 at 11-12.  This Court has held that a plaintiff abandoned claims when it failed to address defendant's arguments seeking summary judgment on those claims.  Halloran v. Houlihan's Restaurants, Inc., No. 4:11-CV-01028-DGK, 2013 WL 3353870, at *1 n.1 (W.D. Mo. July 3, 2013); United States v. NHC Health Care Corp., 163 F. Supp. 2d 1051, 1058-59 (W.D. Mo. 2001).  As such, Plaintiff has abandoned his causes of action relying on Mo. Ann. Stat. §§ 407.020, 570.140, 570.223.

## II. The Uncontroverted Facts Prove That Defendant Is Entitled to Judgment As A Matter Of Law On The Remaining FCRA Claim

### A. Plaintiff's Claims Are Moot Because Plaintiff Rejected An Offer Of Judgment For A Sum Greater Than The Amount He Could Obtain By Proceeding To Trial

Defendant's suggestions in support showed that Plaintiff's claims are moot.  Doc. 21 at 6-10.  Plaintiff completely ignored this point.  See Doc. 23.  Plaintiff did not dispute that Defendant made an offer of judgment in the sum of $1,001 plus costs and Plaintiff rejected that offer.  Doc. 21, SMUF ¶ 8.  Plaintiff also did not dispute that statutory damages under the FCRA are limited to $1,000 per consumer, 15 U.S.C. § 1692k(a)(2)(A), and he is barred from recovering attorney's fees as a pro se litigant.  Doc. 21 at 9-10.  Moreover, Plaintiff did not offer a single piece of evidence to show Defendant knowingly and intentionally committed an act in

2

OM 316946.1

Case 4:14-cv-00793-DGK   Document 26   Filed 01/12/15   Page 2 of 8

conscious disregard of the rights of others, which is required to support an award of punitive damages under the FCRA. Bakker v. McKinnon, 152 F.3d 1007, 1013 (8th Cir. 1998) (citations omitted). In addition, Plaintiff admits that he is not seeking actual damages under any of his legal theories. Doc. 23 at 2 (stating that plaintiff seeks only "statutory damages and punitive damages plus cost"); see also Doc. 21, SUMF ¶¶ 6-7.

Even if Plaintiff could prove liability, the maximum amount recoverable would be $1,000 in FCRA statutory damages and costs. Plaintiff should not be allowed to clog the Court's docket with this lawsuit when he was already offered more than this amount. Plaintiff's claims are moot and Defendant is entitled to judgment as a matter of law. Doc. 21 at 6-10.

**B.     The Uncontroverted Facts Prove That Defendant Had A Permissible Purpose To Pull Plaintiff's Credit Report**

Even if Plaintiff's FCRA claim was not moot, Defendant is entitled to judgment as a matter of law. Plaintiff has admitted all facts in Defendant's Statement of Material Uncontroverted Facts. Local Rule 56.1(a) explains the procedure for controverting facts and the implications for failing to follow the rule:

> Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be set forth in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in movant's listing of facts that is disputed. All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party.

L.R. 56.1(a). Plaintiff's suggestions in opposition did not include a section listing any facts in separately numbered paragraphs, did not refer to portions of the record to support any factual averments, and did not identify any paragraph numbers from Defendant's statement of facts that he disputed. As such, each of the facts listed by Defendant should be deemed admitted. See, e.g., Aipperspach v. McInerney, 963 F. Supp. 2d 901, 903 (W.D. Mo. 2013) (deeming movants'

facts admitted where nonmovant did not controvert statements of fact with reference to specific paragraph numbers and disregarding facts that nonmovant interjected into her argument but did not list in a statement of uncontroverted facts) aff'd, 766 F.3d 803 (8th Cir. 2014); Phox v. NCO Fin. Sys., Inc., No. 14-cv-00073-W-DGK, 2014 WL 5438381, at *1 n.1 (W.D. Mo. Oct. 24, 2014).

The uncontroverted facts cited in Defendant's opening suggestions prove that Defendant sought to obtain Plaintiff's credit report for a purpose authorized by the FCRA. 15 U.S.C. § 1681b(a)(3); see e.g., Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011). This Court recently granted summary judgment in an almost identical case. In Phox, a debtor claimed a defendant violated the FCRA by pulling her credit report without a permissible purpose. 2014 WL 5438381, at *1. The defendant moved for summary judgment relying on an affidavit that proved the debtor had a delinquent account with PACER Service Center, PACER requested that the defendant collect on that account, and defendant pulled the debtor's credit report to facilitate its review and collection of the account. Id. This Court held that defendant had a permissible purpose for accessing the report and the debtor could not prevail as a matter of law. Id. at *2-3; accord Pinson v. Monarch Recovery Mgmt., Inc., No. 12-80480-CIV, 2013 WL 961308, at *2 (S.D. Fla. Mar. 12, 2013) (granting summary judgment in favor of debt collector on section 1681b claim based on collector's affidavit showing it was hired to collect a debt owed to Citibank, it had a reasonable basis to believe the debt belonged to Plaintiff based on information provided by Citibank, and it pulled plaintiff's credit report to collect that debt).

Identical facts are present in this case. Here, an affidavit proved that Plaintiff had a delinquent account with GMAC,[1] GMAC requested that Defendant collect on that account, and

---

[1] Plaintiff attached a "Declaration of Affidavit" to his suggestions. Doc. 23. Plaintiff did not reference that declaration to challenge specific paragraphs of Defendant's Statement of

Defendant pulled his credit report "in connection with its review and collection of the account and not for any other purpose."[2] Doc. 21, SMUF ¶¶ 3-5. As such, Defendant had a permissible purpose and is entitled to judgment as a matter of law.

## III. Plaintiff's Procedural Arguments Lack Merit

Instead of attempting to controvert Defendant's statement of facts, Plaintiff relies on procedural arguments. He claims (1) Defendant's motion is premature and (2) Defendant's evidence is hearsay. Both arguments lack merit.

### A. Defendant's Motion for Summary Judgment Is Not Premature

Plaintiff claims Defendant's summary judgment motion is premature because the parties have not completed the Rule 26 discovery conference and have not conducted discovery. Doc. 23 at 1. This argument is futile for two reasons. First, Plaintiff and counsel for Defendant conducted the Rule 26 discovery conference via telephone on October 17, 2014. Defendant's counsel e-mailed a proposed scheduling order and discovery plan to Plaintiff prior to this call. The parties agreed on the proposed dates and Defendant filed the Proposed Scheduling and Trial

---

Material Uncontroverted Facts, so the declaration should be disregarded. Aipperspach, 963 F. Supp. 2d at 903; Phox, 2014 WL 5438381, at *1 n.1. Even if the Court considers the declaration, it does not raise a genuine issue of material fact. The declaration states that Plaintiff currently does not have a debt with GMAC. That statement is immaterial as it does not controvert the fact that Plaintiff owed a debt to GMAC when Defendant pulled his credit report in October 2012. Doc. 21, SMUF ¶¶ 3-4. Moreover, even if Plaintiff did not owe the debt in October 2012, Defendant reasonably believed Plaintiff owed the debt, which is sufficient to show a permissible purpose. Doc. 21, SMUF ¶ 5; Doc. 21-1 ¶¶ 6-9; Korotki v. Attorney Servs. Corp. Inc., 931 F. Supp. 1269, 1276 (D. Md. 1996) ("so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA").

[2] Plaintiff relies on Pintos v. Pac. Creditors Assoc., 605 F.3d 665 (9th Cir. 2009). Pintos involved a unique credit transaction that was not "initiated by" the debtor. The debt arose in that case after the plaintiff's car was towed. Id. at 673. The towing company obtained a lien on the car for its costs, sold the car, and then pulled the plaintiff's credit report to collect on the deficiency. Id. Here, Plaintiff failed to produce any evidence showing the debt at issue was in any way like the one in Pintos. Moreover, the Ninth Circuit distinguished between debts initiated by and those not initiated by the debtor when applying section 1681b(a)(3)(A). Defendant has not located a single case from the Eighth Circuit or its district courts applying the same distinction.

Order on October 30, 2014.  Doc. 13.  Second, the status of discovery is not relevant to determining whether Defendant could file its summary judgment motion.  "A defendant may move for summary judgment 'at any time,' and the rules do not require that discovery be completed before the motion is heard." Alholm v. Am. Steamship Co., 144 F.3d 1172, 1177 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(b)).  As such, Defendant filed its motion at an appropriate time.

> B.     **Defendant's Declarations Are Proper**

Plaintiff claims the declarations should be disregarded because the declarant's lack "firsthand knowledge" and the declarations are hearsay.  Doc. 23 at 2.  Rule 56 expressly authorizes the use of affidavits and declarations to support motions for summary judgment.  Those declarations must be made on personal knowledge, show that the declarant is competent to testify on the matters stated, and set out facts that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(4).

The declarations of Amber Tamir and Joshua Dickinson meet these requirements.  First, both state that the declarants have personal knowledge of the facts sworn to in the declarations.  Doc. 21-1 ¶ 1; Doc. 21-2 ¶ 1.  Second, the declarations explain the basis for the declarants' personal knowledge and establish that they are competent to testify to the matters in the declarations.  Doc. 21-1 ¶ 1 (Ms. Tamir is in house counsel for Defendant, she reviewed records, and she personally investigated the facts of this matter); Doc. 21-2 ¶ 1 (Mr. Dickinson is outside counsel for Defendant and his firm transmitted the Rule 68 Offer of Judgment).  Third, the facts in the declarations would be admissible in evidence.  The declarations themselves are hearsay—the out-of-court statements of Ms. Tamir and Mr. Dickinson—but the facts in the declarations are not hearsay.  The federal rules allow the use of this type of hearsay on summary judgment motions.  Van Deelen v. City of Kansas City, Mo., 411 F. Supp. 2d 1105, 1120 (W.D. Mo. 2006)

("Obviously, Van Deelen's affidavit itself is hearsay. . . . The summary judgment standard specifically permits the Court to consider this type of evidence in ruling on motions for summary judgment under the expectation that the content of the affidavits . . . reflects the evidence that will be presented at trial.") aff'd, 262 F. App'x 723 (8th Cir. 2007). Ms. Tamir and Mr. Dickinson could present the same testimony at trial in this matter, and such testimony would not include any inadmissible evidence. Therefore, Defendant's declarations are proper and prove Defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that its Motion for Summary Judgment be granted, that this suit be dismissed in its entirety with prejudice, and the Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By: s/ Joshua C. Dickinson

| Joshua C. Dickinson | MO # 51446 |
| Kersten L. Holzhueter | MO # 62962 |

1000 Walnut St., Suite 1400
Kansas City, MO 64106
Telephone: 816-474-8100
Facsimile: 816-474-3216
jdickinson@spencerfane.com
kholzhueter@spencerfane.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the United States District Court for the Western District of Missouri this 12th day of January, 2015, with notice of case activity generated and served on Pro Se Plaintiff, via e-mail transmission, addressed as follows:

Marcus Campbell
truthwireless39@gmail.com

                 s/ Joshua C. Dickinson