IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS CAMPBELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-00793-W-DGK |
| | ) | |
| ACCOUNTS RECEIVABLE | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART SUMMARY JUDGMENT

This case involves allegedly unlawful access to a credit report.  *Pro se* Plaintiff Marcus Campbell ("Campbell") alleges that Defendant Accounts Receivable Management, Inc. ("ARM") masqueraded as one of his creditors to impermissibly access his credit report to gather information about him.  Campbell filed suit in the Circuit Court of Jackson County, Missouri, alleging, among other claims, a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  After ARM timely removed to this Court, Campbell filed an amended four-count complaint alleging: (1) a FCRA claim; (2) a claim under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020; (3) a claim under a Missouri penal statute proscribing the use of false statements to obtain property, Mo. Rev. Stat. § 570.140; and (4) a claim for identity theft under Mo. Rev. Stat. § 270.224.

Now before the Court is Defendant's motion for summary judgment on all counts (Doc. 21).  The motion is GRANTED IN PART and DENIED IN PART.  The motion is denied insofar as it challenges the FCRA claim because there still remains a genuine dispute as to whether ARM had a permissible purpose when it accessed Campbell's credit report and its offer of judgment did not moot this claim.  The motion, however, is GRANTED as to the three remaining

counts because there is no genuine dispute as to these claims and ARM is entitled to judgment as a matter of law on them.

## Undisputed Factual and Procedural Background

The undisputed facts are as follows.[1] ARM is a New Jersey corporation engaged in the business of, among other things, debt collection. On or about October 25, 2012, GMAC requested that ARM collect upon a delinquent account bearing Campbell's name. ARM never provides evidence on or explains what GMAC is,[2] what services it provided, or how the alleged debt arose. However, Campbell attests that he never had any business dealings or accounts with GMAC.[3] Shortly after GMAC's request, ARM obtained Campbell's credit report from TransUnion, a major credit-reporting agency. ARM claims that it accessed his credit report to assist in reviewing and collecting upon the GMAC account.

On June 2, 2014, Campbell retrieved his credit report and noticed that ARM had previously pulled his report. On October 4, 2014, after Campbell amended his complaint, ARM made an offer of judgment pursuant to Federal Rule of Civil Procedure 68. ARM offered $1,001 plus Campbell's costs for the action. Campbell then filed an "acceptance" on November 14,

---

[1] The Court essentially treats ARM's statement of the facts as uncontroverted because Campbell, for the most part, failed to comply with Local Rule 56.1 by not responding to ARM's statements in the proper format. *See* L.R. 56.1(a)(1). The only exception is Campbell's statement that he never owed a debt to GMAC. This fact was set forth in his suggestions in opposition and supported by an attached affidavit.

[2] Although the Court believes it is more likely than not that GMAC is an acronym for General Motors Acceptance Corporation, the Court cannot take judicial notice of this fact because it may be an acronym for another entity. *See* Fed. R. Evid. 201(b)(1)-(2).

[3] In his suggestions in opposition, Campbell states "I have *never* done business with GMAC or Accounts Receivable[] Management for the Defendant to allege plaintiff owes any debt." (Doc. 23 at 2) (emphasis added). Similarly, his affidavit says "I have no debt with the entity defendant is collecting a debt on behalf of." (Doc. 23-1 at 2). For purposes of this motion, the Court must take these statements as true. Nevertheless, if later facts definitively show these assertions to be untrue and a reasonable inquiry would have revealed such, the Court may impose sanctions against Campbell, including attorneys' fees and costs. *See* Fed. R. Civ. P. 11(b)(3)-(4) (noting that a party's signature on a motion or filing certifies that to the best of their knowledge the factual statements and denials have evidentiary support).

2014, in which he agreed to the $1,001 but set his "costs" at $1,500. After a mediation session, ARM filed the instant motion.

## Standard of Review

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party, but "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Once the moving party has satisfied his or her initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must set forth specific facts showing there is a genuine issue for trial, *Anderson*, 477 U.S. at 248, but the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Torgerson*, 643 F.3d at 1042 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 585 (2009)).

3

Case 4:14-cv-00793-DGK   Document 32   Filed 07/20/15   Page 3 of 9

**Discussion**

ARM moves for summary judgment on each of Campbell's claims. The Court addresses each count separately below.

**I. ARM is not entitled to summary judgment on Campbell's FCRA claim.**

ARM provides two alternative arguments as to why Campbell's FCRA claim fails as a matter of law. First, ARM contends that it had a permissible purpose when it accessed Campbell's report. Second, ARM contends that its offer of judgment mooted the FCRA claim. The Court addresses each separately below.

**A. ARM has not shown that the delinquent account arose from a credit transaction.**

To succeed on a FCRA claim, Campbell must establish that (1) there existed a consumer report, (2) ARM obtained or used said report, and (3) it did so without a statutorily permissible purpose. *See Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). To be entitled to statutory damages, costs, and punitive damages, Campbell must also establish that NCO "willingly, knowingly, or recklessly violated [the FCRA]." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (citing 15 U.S.C. § 1681n; *Safeco*, 551 U.S. at 56-58).

ARM concedes that Campbell's TransUnion report qualifies as a consumer report and that ARM accessed and used the report. ARM, however, challenges Campbell's ability to satisfy the third element, arguing that the undisputed material facts show that it, in fact, had a permissible purpose to access the report.

ARM cites 15 U.S.C. § 1681b(a)(3)(A) as the statutorily permissible purpose under which it obtained Campbell's credit report. This section allows a debt collector to obtain a debtor's credit report to assist it in collecting upon a delinquent account that arose from a previous credit transaction. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (11th Cir.

2011) (citing 15 U.S.C. § 1681b(a)(3)(A); *Phillips*, 312 F.3d at 366); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010) (holding that the account that is being collected upon under § 1681b(a)(3)(A) must have arisen from a credit transaction initiated by the consumer). As used in this section, "[t]he term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment…." 15 U.S.C. § 1691a(d); *see id.* § 1681a (referring to the definition of credit in 15 U.S.C. § 1691a).

Here, ARM presents evidence that it was collecting upon a delinquent GMAC account bearing Campbell's name when it accessed his credit report. But ARM presents no evidence on what GMAC is, what type of services it provided, or how the alleged debt arose. This is material information because for § 1681b(a)(3)(A) to apply, the delinquent account must have arisen from a credit transaction involving the consumer. *See Huertas*, 641 F.3d at 34 ("[The plaintiff] sought credit from [the original creditor], which he received, and accumulated credit card debt. It was that consumer transaction which ultimately resulted in [the debt collector's] accessing of [the plaintiff's] credit report to collect on his delinquent accounts."); *Pintos*, 605 F.3d at 674 (noting that for § 1681b(a)(3)(A) the debt must be created by a credit transaction involving the consumer); *Valle v. RJM Acquisitions, LLC*, No. 3:12-CV-00957, 2015 WL 739855, at *4 (D. Conn. Feb. 19, 2015) ("[Defendants] have produced sufficient evidence to show that Valle initiated the credit transactions that led to defendants' requests for Valle's credit reports by seeking and obtaining loans from the original lenders."). Without this information, the Court cannot conclude that § 1681b(a)(3)(A) shields ARM from liability.

In his suggestions in opposition, Campbell highlights the dearth of evidence on this issue. ARM responds by analogizing its situation to *Phox v. NCO Fin. Sys. Inc.*, No. 14-cv-00073, 2014 WL 5438381 (W.D. Mo. Oct. 24, 2014), wherein this Court granted summary judgment on similar facts. But this reliance is misplaced. Although that case also involved a debt collector

5

claiming the protections of § 1681b(a)(3)(A), neither party disputed that the debt existed and the debt collector presented evidence that the debt arose from a credit transaction. *Phox*, 2014 WL 5438381, at *3. Neither of which is true here.

While ARM may prevail at trial, genuine disputes of material fact remain on whether it had a permissible purpose so as to preclude summary judgment.

> **B. ARM's offer of judgment did not moot Campbell's FCRA claim because it did not satisfy his entire demand.**

ARM alternatively claims that no live controversy remains regarding Campbell's FCRA claim because ARM's offer of judgment mooted the claim. A federal district court may only entertain cases in which there exists an actual case or controversy. *Ayoubi v. Holder*, 712 F.3d 387, 391 (8th Cir. 2013). A case that originally presented an active controversy may later become moot "'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)). For instance, a case may become moot when a defendant makes a Rule 68 offer of judgment in the amount of the plaintiff's entire request for relief. *See O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 575 (6th Cir. 2009), *cited with approval in Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 949 (8th Cir. 2012).[4] In such a situation, the district court should enter judgment in the amount offered by the defendant and then dismiss the case. *Id.*; *Bell v. Cent. Transp., LLC*, No. 14-CV-598-RWS, 2015 WL 778785, at *3 (E.D. Mo. Feb. 24, 2015).

---

[4] There exists a deeply entrenched circuit split on whether an unaccepted Rule 68 offer of judgment can actually moot a case. *Compare Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (holding yes), *with Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 955 (9th Cir. 2013) (holding no). Four justices from the Supreme Court have recently—and emphatically—weighed in, concluding that it does not. *See Genesis Health Care Corp. v. Symczyk*, 133 S. Ct. 1523, 1534 (2013) (Kagan, J., dissenting) (noting, in a case where the majority declined to address this issue, that the mootness-by-unacceptance theory is "wrong, wrong, and wrong again."). In response to this vigorous dissent, the Seventh Circuit has raised concerns as to whether its theory is still viable. *See Swanigan v. City of Chi.*, 775 F.3d 953, 960 n.3 (7th Cir. 2015) ("Based on Justice Kagan's dissent, we noted in *Scott* that 'there are reasons to question our approach to the problem.'"). The Court need not wade into this debate, because it appears that the Eighth Circuit has already taken a position. *See Alpern v. Utilicorp United Inc.*, 84 F.3d 1525, 1538 (8th Cir. 1996) (noting that an offer of judgment can moot a claim if it is for the plaintiff's entire demand).

ARM contends that its offer of judgment for $1,001 mooted Campbell's FCRA claim because this is more than what it believes Campbell could recover.

This argument misses the mark, because for the offer of judgment to result in mootness, it must satisfy the plaintiff's *entire* demand, not what the defendant *believes* the plaintiff is entitled to recover. *See Hvrinak v. NCO Portfolio Mfg., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013). Here, ARM's offer of $1,001 did not meet Campbell on his terms because he requested $10,000 comprising statutory and punitive damages under the FCRA and statutory damages under the Missouri identity theft statute. *See id*. Putting aside the fact that the offer did not compensate Campbell for his then-live state law claims, *see id.* at 569-70, it still did not satisfy his request for punitive damages under the FCRA. And contrary to ARM's contentions, it has not shown that punitive damages are now unrecoverable. Its belief that they are is premised on the mistaken assumption that it has proven that a permissible purpose existed. As discussed above, material disputes still remain on that issue. Moreover, ARM has not shown that assuming, *arguendo*, it violated the FCRA, the violation was not reckless so as to preclude punitive damages. *Cf. Hammer v. Sam's East, Inc.*, 754 F.3d 492, 501-02 (8th Cir. 2014) (holding that although the defendant violated FACTA, the violation was not willful within the meaning of § 1681 because it was not done with a reckless disregard for the statute's requirements). Campbell might not ultimately succeed in his quest for punitive damages under the FCRA, but the Court cannot make such a finding on the current record. *See Claxton v. Kum & Go, L.C.*, No. 6:14-CV-03385-MDH, 2014 WL 4854692, at *4 (W.D. Mo. Sept. 30, 2014) (holding that offer of judgment did not moot the plaintiff's case because it did not satisfy his request for statutory punitive damages).

In sum, although ARM's offer of $1,001 may have been reasonable and may even prove to be more than Campbell will ultimately recover, it fell well short of his demand, and thus, no mootness occurred. *See Hvrinak*, 719 F.3d at 568 ("Reasonable though the defendants' offer

7

Case 4:14-cv-00793-DGK   Document 32   Filed 07/20/15   Page 7 of 9

ARM contends that its offer of judgment for $1,001 mooted Campbell's FCRA claim because this is more than what it believes Campbell could recover.

This argument misses the mark, because for the offer of judgment to result in mootness, it must satisfy the plaintiff's *entire* demand, not what the defendant *believes* the plaintiff is entitled to recover. *See Hvrinak v. NCO Portfolio Mfg., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013). Here, ARM's offer of $1,001 did not meet Campbell on his terms because he requested $10,000 comprising statutory and punitive damages under the FCRA and statutory damages under the Missouri identity theft statute. *See id*. Putting aside the fact that the offer did not compensate Campbell for his then-live state law claims, *see id.* at 569-70, it still did not satisfy his request for punitive damages under the FCRA. And contrary to ARM's contentions, it has not shown that punitive damages are now unrecoverable. Its belief that they are is premised on the mistaken assumption that it has proven that a permissible purpose existed. As discussed above, material disputes still remain on that issue. Moreover, ARM has not shown that assuming, *arguendo*, it violated the FCRA, the violation was not reckless so as to preclude punitive damages. *Cf. Hammer v. Sam's East, Inc.*, 754 F.3d 492, 501-02 (8th Cir. 2014) (holding that although the defendant violated FACTA, the violation was not willful within the meaning of § 1681 because it was not done with a reckless disregard for the statute's requirements). Campbell might not ultimately succeed in his quest for punitive damages under the FCRA, but the Court cannot make such a finding on the current record. *See Claxton v. Kum & Go, L.C.*, No. 6:14-CV-03385-MDH, 2014 WL 4854692, at *4 (W.D. Mo. Sept. 30, 2014) (holding that offer of judgment did not moot the plaintiff's case because it did not satisfy his request for statutory punitive damages).

In sum, although ARM's offer of $1,001 may have been reasonable and may even prove to be more than Campbell will ultimately recover, it fell well short of his demand, and thus, no mootness occurred. *See Hvrinak*, 719 F.3d at 568 ("Reasonable though the defendants' offer

may have been (and may still prove to be), the disparity between what they offered and what the plaintiff sought generally will preclude a finding of mootness."); *Hartis*, 694 F.3d at 949 (noting that the offer must be for the *entire* demand).

**II. ARM is entitled to summary judgment on Campbell's MMPA claim.**

Campbell also alleges that ARM's access to his credit report violated the MMPA. To succeed on such a claim, Campbell must prove, among other things, that he purchased merchandise from ARM. *See Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 198 (Mo. Ct. App. 2009) (listing the purchase or lease of merchandise as a prima facie MMPA case element) (citing Mo. Rev. Stat. § 407.020). Campbell cannot make this showing, however, because his only connection to ARM was its access of his credit report; he never purchased any merchandise from ARM. Thus, ARM is entitled to summary judgment on this claim.

**III. ARM is entitled to summary judgment on Campbell's Mo. Rev. Stat. § 570.140 claim.**

Campbell also alleges a claim under Mo. Rev. Stat. § 570.140. But this claim fails as a matter of law because this statute—which proscribes certain deceptive business practices, including the making of false statements—is strictly penal in nature, *see* Mo. Rev. Stat. § 570.140, and Campbell cites no authority suggesting that the legislature intended for a private civil action to flow from its violation. *Shqeir v. Equifax, Inc.*, 636 S.W.2d 944, 948 (Mo. 1982) ("When the Legislature has established other means of enforcement, we will not recognize a private civil action unless such appears by clear implication to have been the legislative intent."). Thus, ARM is entitled to judgment as a matter of law on this claim as well.

**IV. ARM is entitled to summary judgment on Campbell's identity theft claim.**

Campbell's final cause of action is a putative identity theft claim stemming from ARM's alleged violation of Mo. Rev. Stat. § 570.223. This statute delineates that, "A person commits

8

the crime of identity if he or she knowingly and with the intent to deceive or defraud obtains, possesses, transfers, uses, or attempts to obtain, transfer or use, one or more means of identification not lawfully issued for his or her use." Mo. Rev. Stat. § 570.223.1.

Here, although the statue appears to create a civil cause of action, *see* Mo. Rev. Stat. § 570.223.5, Campbell's claim fails as matter of law because there is no evidence that ARM possessed the requisite scienter when it accessed the reports. As the undisputed material facts show, ARM accessed the report solely to gather information to collect upon a debt owed to GMAC. Given this and Campbell's failure to produce any evidence that ARM accessed the report with the "intent to deceive or defraud," the Court finds that summary judgment is warranted on this claim.

## Conclusion

Because there is no genuine dispute as to any material fact with regard to Campbell's state law claims such that ARM is entitled to judgment as a matter of law on those claims, summary judgment is GRANTED. However, because ARM has failed to demonstrate that no genuine dispute remains regarding the FCRA claim, summary judgment is DENIED.

**IT IS SO ORDERED.**

Date:     July 20, 2015                     /s/ Greg Kays
                                            GREG KAYS, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT