IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARCUS CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-cv-00793-DGK |
| | ) |
| ACCOUNTS RECEIVABLE | ) |
| MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER RECONSIDERING THE COURT'S PRIOR SUMMARY JUDGMENT ORDER AND GRANTING SUMMARY JUDGMENT**

This case involves allegedly unlawful access to a credit report. *Pro se* Plaintiff Marcus Campbell alleges that Defendant Accounts Receivable Management, Inc. ("ARM") masqueraded as one of his creditors to impermissibly access his credit report to gather information about him. Plaintiff's amended complaint alleged violations of: (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; (2) the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020; (3) a Missouri penal statute proscribing the use of false statements to obtain property, Mo. Rev. Stat. § 570.140; and (4) identity theft in violation of Mo. Rev. Stat. § 270.224. The Court previously granted Defendant summary judgment on all claims except the FCRA claim.

Now before the Court is ARM's Motion for Reconsideration of Order Denying Summary Judgment on Plaintiff's FCRA Claim (Doc. 36). Because the Court's decision not to grant summary judgment on the FCRA claim was based on what is arguably a deliberate misrepresentation by Plaintiff, the Court *sua sponte* reconsiders its prior summary judgment order and grants ARM summary judgment on this claim. Plaintiff is further ordered to show

1

cause why he should not be sanctioned under Rule 11 for making factual misrepresentations to the Court.

**Factual and Procedural Background**

ARM is a New Jersey corporation engaged in the business of, among other things, debt collection. On or about October 25, 2012, General Motors Acceptance Corporation ("GMAC") requested that ARM collect upon a delinquent account bearing Plaintiff's name. Shortly after GMAC's request, ARM obtained Plaintiff's credit report from TransUnion, a credit-reporting agency. After learning ARM had obtained his credit report, Plaintiff filed suit against it.

To succeed on his FCRA claim, Plaintiff must establish that (1) there existed a consumer report, (2) ARM obtained or used this report, and (3) it did so without a statutorily permissible purpose. *See Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002). In moving for summary judgment on this claim, ARM conceded that it accessed and used Plaintiff's credit report, but argued it had a permissible purpose to do so, namely, to assist it in collecting upon a delinquent account arising from a credit transaction between Plaintiff and GMAC. Def.'s Br. (Doc. 21) at 5. If this assertion were true, ARM would be entitled to summary judgment on this claim.

In denying summary judgment, the Court found ARM had failed to establish that the delinquent account arose from a credit transaction. Although ARM submitted evidence that it was collecting upon a delinquent GMAC account in Plaintiff's name, the Court held this was insufficient because ARM failed to establish who or what GMAC is, what type of services it provided, or how the alleged debt arose. Order (Doc. 32) at 5.

The Court also noted that it could not enter summary judgment because there was a disputed question of material fact here: Plaintiff stated that he had "never done business with GMAC or Accounts Receivable[] Management for the Defendant to allege plaintiff owes any

debt." Pl.'s Resp. (Doc. 23) at 2. He also submitted an affidavit in which he swore that, "I have no debt with the entity defendant is collecting a debt on behalf of." Aff. (Doc. 23-1) at 2.

Based on Plaintiff's representations, the Court denied ARM summary judgment on the FCRA claim. Order at 1-2. The Court noted Plaintiff's statements created a genuine dispute of material fact on this point, and that under the Federal Rules of Civil Procedure it was required to accept Plaintiff's statements as true for purposes of ruling on the summary judgment motion. *Id.* at 2 n.3. But the Court cautioned Plaintiff that,

> if later facts definitively show these assertions to be untrue and a reasonable inquiry would have revealed such, the Court may impose sanctions against Campbell, including attorneys' fees and costs. See Fed. R. Civ. P. 11(b)(3)-(4) (noting that a party's signature on a motion or filing certifies that to the best of their knowledge the factual statements and denials have evidentiary support).

*Id.*

ARM filed the instant motion on August 28, 2015, asking the Court to reconsider its denial of summary judgment on the FCRA claim. ARM has submitted documentation showing GMAC was formerly known as General Motors Acceptance Corporation.[1] ARM also argues that Plaintiff's claim that he never did business with GMAC or owed a debt to GMAC is demonstrably false. ARM presents evidence that, in December of 2012, Plaintiff voluntarily filed for Chapter 7 bankruptcy. In his bankruptcy petition, Plaintiff swore that he owed a debt to General Motors Acceptance Corporation, now known as GMAC.[2] Chapter 7 Voluntary

---

[1] Attached as exhibit 5 to ARM's briefing is GMAC LLC's Form 10-Q, which states that, "Effective July 20, 2006, General Motors Acceptance Corporation. . .changed its name to 'GMAC LLC.'" (Doc. 37-5 at 7). Exhibit 6 is GMAC Inc.'s Form 8-K, which states that, "[e]ffective June 30, 2009, GMAC LLC. . . was renamed 'GMAC Inc.'" (Doc. 37-6 at 2). The Court takes judicial notice of these publicly-available SEC filings. *See Horizon Asset Mgmt. Inc. v. H & R Block, Inc.*, 580 F.3d 755, 761 (8th Cir. 2009) (taking judicial notice of public SEC filings).

[2] The court may "take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005); *Young v. Time Warner Cable Capital, L.P.*, No. 04-0651-CV-W-HFS, 2006 WL 2927569, at *1 n.2 (W.D. Mo. Oct. 12, 2006) (taking judicial notice of the pleadings in plaintiff's bankruptcy case).

3

Bankruptcy Pet. at 19, *In re* Marcus L. Campbell, No. 12-45208-DRD7 (Bankr. W.D. Mo. Dec. 28, 2012), ECF No. 1. Plaintiff also filed documents with the Missouri Department of Revenue ("MDOR") (Docs. 37-1; 37-2) listing GMAC as the first lienholder on his 2007 Chevy Impala.[3] He signed these documents certifying that "under penalty of perjury that the facts herein are true to the best of my knowledge." (*Id.*).

The Court ordered Plaintiff to respond to the motion on or before October 15, 2015 (Doc. 40). Plaintiff has not filed any response or otherwise contested ARM's claim that he swore to the Bankruptcy Court and to the MDOR that he owed GMAC a debt arising from a credit transaction he initiated with it.

**Standard of Review**

This Court will grant a motion to reconsider[4] where the moving party shows: (1) it did not have a fair opportunity to argue the matter previously; and (2) that granting the motion is necessary to correct a significant error. *See Halloran v. Houlihan's Restaurants, Inc.*, No. 4:11-CV-01028-DGK, 2013 WL 544011, at *2 (W.D. Mo. Feb. 12, 2013).

---

[3] The Court may take judicial notice of public records. *Stutzka*, 420 F.3d at 760 n.2.

[4] The Federal Rules of Civil Procedure do not include a "motion to reconsider." *Keys v. Wyeth, Inc.*, No. C08-1023, 2009 WL 1010064, at * 1 (N.D. Iowa April 14, 2009). Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a final judgment, order, or proceeding. *Id.* Where the movant requests revision of a decision that adjudicates, but does not enter final judgment on, fewer than all claims in an action with multiple claims, Rule 54(b) is the appropriate rule under which to consider the motion. *Julianello v. K-V Pharm. Co.,* 791 F.3d 915, 923 n.3 (8th Cir. 2015).

**Discussion**

I.   **ARM is not entitled to reconsideration.**

As a threshold matter, the Court holds ARM is not entitled to reconsideration on the summary judgment motion because it cannot show that it did not have a fair opportunity to argue the matter previously. ARM has not explained why the arguments made and documents presented in its motion for reconsideration could not have been presented previously in its summary judgment briefing. ARM has not, for example, shown that the bankruptcy documents were unavailable when it first filed for summary judgment. In fact, Plaintiff filed the bankruptcy petition almost two years before Defendants filed their reply brief on the motion for summary judgment. Consequently, ARM has failed to meet its burden. *See Heubel Material Handling, Inc. v. Universal Underwriters Ins. Co.,* No. 4:10-CV-00102-DGK, 2011 WL 1458654, at *2 (W.D. Mo. Apr. 15, 2011) (failure to explain why evidence and accompanying argument was not presented previously warranted denial of motion for reconsideration).

II.  **The Court, however, reconsiders its summary judgment order** *sua sponte***.**

Although ARM is not entitled to reconsideration, given the exceptional circumstances presented here, the Court holds it should reconsider its summary judgment order *sua sponte*. A district court possesses the power to revise a partial summary judgment motion at any time. *See Julianello v. K-V Pharm. Co.,* 791 F.3d 915, 923 n.3 (8th Cir. 2015). A district court may do so *sua sponte* so long as the losing party has had an opportunity to respond to the relevant arguments. *Cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (a district court is "widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."). Here, Plaintiff has had not just one, but two, separate opportunities to argue against the Court entering

summary judgment in ARM's favor.  Because Plaintiff had more than sufficient notice to come forward with all of his evidence and argue the matter, the Court reconsiders its denial of summary judgment on Plaintiff's FCRA claim *sua sponte*.

**III.     ARM is entitled to summary judgment on Plaintiff's FCRA claim.**

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Torgerson*, 643 F.3d at 1042 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 585 (2009)).

To establish that it is entitled to summary judgment on the FCRA claim, ARM must show that it had a statutorily permissible purpose to access Plaintiff's credit report.  *See Phillips*, 312 F.3d at 364.  ARM can do so if it can show that it was, in fact, collecting on a delinquent GMAC credit account.

> **A. Plaintiff is judicially estopped from denying that he did not owe GMAC a debt.**

The doctrine of judicial estoppel "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  Judicial estoppel is "an equitable doctrine invoked by the court at its discretion." *Id.* at 750.  The purpose of the doctrine is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* at 750 (internal citation and quotations omitted). Several factors typically inform a decision to apply the doctrine in a particular case: (1) a party's later position must be clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance

6

of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.* at 750-51. Additional considerations may inform the doctrine's application in specific factual contexts. *Id.* at 751.

All the necessary elements are met to apply the doctrine here and prevent Plaintiff from claiming he never owed GMAC a debt. First, Plaintiff's assertion that he had *never* done business with GMAC is clearly inconsistent with his earlier position that he owed a debt to General Motors Acceptance Corporation. Second, Campbell succeeded in persuading the Bankruptcy Court that he owed General Motors Acceptance Corporation a debt, as evidenced by the fact that the bankruptcy court discharged his debt. Order Discharging Debtor(s), *In re Marcus L. Campbell*, No. 12-45208-DRD7 (Bankr. W.D. Mo. May 15, 2013), ECF No. 29. Third, if Campbell is not estopped from asserting his inconsistent position in the current case, he will derive the unfair advantage of defeating summary judgment and imposing the costs of discovery and trial upon Defendants. Finally, Defendants have placed evidence in the record from which the Court can take judicial notice that "GMAC" is an acronym for General Motors Acceptance Corporation, and Plaintiff does not contest this fact. Thus, Plaintiff is judicially estopped from denying he owed GMAC a debt.

**B. ARM has established it is entitled to summary judgment on the FCRA claim.**

Because Plaintiff cannot deny the evidence in the record that he owed GMAC a debt, there no longer exists any genuine dispute that ARM obtained Plaintiff's credit report to assist it in collecting upon his delinquent GMAC account arising from a previous credit transaction

initiated by Plaintiff with GMAC. The Court finds ARM had a permissible purpose to access Plaintiff's credit report, therefore it is entitled to summary judgment on Plaintiff's FCRA claim.

**IV. Plaintiff is ordered to show cause why he should not be sanctioned under Rule 11 for making representations to the Court that lacked evidentiary support and were not reasonably based on belief or lack of information.**

Rule 11 of the Federal Rules of Civil Procedure states that by presenting to the Court a "pleading, written motion, or other paper," a party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the denial of a factual contention must be "warranted on the evidence" or "reasonably based on belief or lack of information." Fed. R. Civ. P. 11(b)(4). While district courts are generally more lenient with a *pro se* plaintiff, they are still subject to Rule 11 sanctions. *Bogdan v. Eggers*, Nos. 96-C-1609, 96-C-1611, 2000 WL 1847608, at *11 (N.D. Ill. Dec. 4, 2000). A district court may impose Rule 11 sanctions on its own initiative, but must first order a party to show cause why the specified conduct has not violated Rule 11(b). Fed. R. Civ. P. 11(c)(3).

Here, Campbell denied any financial relationship with GMAC in both his suggestions in opposition and a sworn affidavit filed with the Court. As outlined above, evidence presented by Defendants indicates that this denial was not "reasonably based on belief or lack of information." Pursuant to Rule 11(c)(3), the Court orders Plaintiff Campbell to show cause why these denials do not violate Rule 11(b), and why this Court should not sanction him under Rule 11(c). Plaintiff's response is due on or before February 1, 2016, and shall not exceed ten pages.

**Conclusion**

Because Plaintiff is judicially estopped from denying that he owed GMAC a debt, there is no longer a genuine dispute as to any material fact with regard to Plaintiff's FCRA claim. The Court holds ARM is entitled to judgment as a matter of law on that claim.[5]

Further, pursuant to Federal Rule of Civil Procedure 11(c)(3), the Court orders Plaintiff to show cause why statements in his suggestions in opposition and the attached affidavit denying a financial relationship with GMAC did not violate Rule 11(b). Plaintiff must show cause on or before February 2, 2016, as to why this Court should not sanction him. The response to this order to show cause shall not exceed ten pages.

**IT IS SO ORDERED.**

Date: January 26, 2016            /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT

---

[5] Because this order disposes of all remaining claims, ARM's outstanding motion in limine (Doc. 34) is denied as moot.